UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EARL DAVID DOWTY, | * | CIV 11-5101-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ORDER GRANTING LEAVE |
| | * | TO PROCEED IN FORMA |
| STATE OF SOUTH DAKOTA, | * | PAUPERIS, DENYING VARIOUS |
| | * | MOTIONS, AND DISMISSING CASE |
| Defendant. | * | |

  Plaintiff Earl D. Dowty filed his Complaint in this case on December 23, 2011. Dowty filed a series of motions thereafter for various relief and monies.

  This Court is familiar with Dowty based on his numerous prior federal cases. Dowty was indicted on charges before this Court of being a felon in possession of firearm, possession of stolen firearm, and aiding and abetting in United States v. Richards et al, 11-cr-30008-RAL. Dowty also was indicted before this Court on two counts of felon in possession of a firearm in United States v. Dowty, 11-cr-30026-RAL. In addition, Dowty was indicted before this Court on fraud in connection with access device in United States v. Dowty, 11-cr-30027-RAL. As part of a plea agreement, Dowty plead guilty to one count of felon in possession of a firearm in 11-cr-30026-RAL, with the other federal charges being dismissed. This Court sentenced Dowty to a sentence of 120 months in the custody of the Bureau of Prisons, with supervised release of three years thereafter and responsibility for restitution and a special assessment. United States v. Dowty, 11-cr-30026-RAL, Doc. 38.

  Dowty faced those federal charges following a spree of burglaries not within Indian country. During one of the burglaries, a homeowner interrupted the burglary and observed two men, one of whom fit Dowty's description, within his residence. The homeowner attempted to flee, but was shot as he fled. Dowty is facing state court charges in Mellette County, South Dakota, arising out of the burglaries and shooting of the homeowner, all of which occurred outside of Indian country. Dowty presently is in state court custody awaiting trial on the state charges.

  After receiving his federal court sentence and then being transferred to state court custody to face the pending state charges, Dowty has filed a number of civil cases. This Court has screened and allowed Dowty to proceed with two cases: 1) a claim in 11-civ-3025-RAL alleging that the person

responsible for his state custody—Sheriff Derris Waukazoo—has been deliberately indifferent to Dowty's serious medical needs; and 2) a claim in 12-civ-4002-RAL alleging that certain law enforcement officers violated Dowty's Fourth Amendment rights under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

This Court has screened and dismissed claims in a civil case that Dowty filed as 12-civ-3002-RAL against the State of South Dakota, prosecutor Michael Strain, Sheriff Derris Waukazoo, and state court judge Mark Barnett. 12-civ-3002-RAL, Doc. 6. In 12-civ-3002-RAL, Dowty claimed that the Eleventh and Fourteenth Amendments of the United States Constitution, as well as the 1868 Treaty of Fort Laramie deprived state officials of jurisdiction over him and the offenses that he allegedly committed. This Court explained why Dowty's claims in 12-civ-3002-RAL did not survive initial screening and why Dowty had no claim against the prosecuting attorney or the state court judge. 12-civ-3002-RAL, Doc. 6. Dowty then appealed to the United States Court of Appeals for the Eighth Circuit, which recently summarily affirmed this Court's dismissal of Dowty's claims. 12-civ-3002-RAL, Doc. 20.

This Court also screened and dismissed a civil case that Dowty brought against Sheriff Derris Waukazoo, the Attorney General for the State of South Dakota, and Lori Kalenda, as 12-civ-3003-RAL. Again, this Court explained why Dowty did not have viable claims. 12-civ-3003-RAL, Doc. 5. Again, Dowty appealed to the United States Court of Appeals for the Eighth Circuit, which recently summarily affirmed this Court's rulings and dismissal of Dowty's claims in 12-civ-3003-RAL. 12-civ-3003-RAL, Doc. 19.

In addition to this case and the other cases mentioned above, Dowty also has civil cases pending under file numbers 12-civ-4016-RAL and 12-civ-5039-RAL. This Court takes judicial notice under Rule 201 of the Federal Rules of Evidence of the filings in all of the above-mentioned cases.

This Court is required to "screen" complaints that seek redress from governmental entities or employees. 28 U.S.C. § 1915A. This Court is required to dismiss claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). This Court, at this stage of the case, assumes as true all well-pleaded facts in the Complaint. Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). This Court construes pro se complaints liberally, but even a pro se complaint must contain "specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993). A complaint that is merely vague or conclusory in its allegations or

contains unsupported generalizations is subject to dismissal. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Of course, "[c]ivil rights pleadings should be construed liberally." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

In this case Dowty sues the State of South Dakota because he contests the jurisdiction of the State to require him to pay court-ordered child support. Dowty, who is a Native American Indian, asserts that the United States Constitution by giving Congress the power to regulate commerce with Indian tribes deprives the state court of jurisdiction and that the 1851 and 1868 Treaties of Fort Laramie place protection of the Tribe of which Dowty is a member with the federal government. Dowty alleges that his daughter now is over 18 years of age and was born and has lived in Indian country, so he ought to be relieved of responsibility to pay the approximately $17,000.00 he owes in past-due child support. Doc. 1.

From his Complaint, Doc. 1 at 1, 4, and through several motions, Doc. 6, Doc. 11, Doc. 12, Doc. 13, Dowty requests to bypass this Court and have the matter decided by the United States Court of Appeals for the Eighth Circuit. Dowty also has filed a motion for a new judge, Doc. 3, and a motion to amend his Complaint, Doc. 13, to add new defendants, namely a circuit court judge and the agency of the State of South Dakota that collects child support.

The defendant that Dowty has named—the State of South Dakota—is a sovereign entity that enjoys sovereign immunity, as does the state agency—the Department of Social Services—that Dowty seeks to add. Edelman v. Jordan, 415 U.S. 651 (1974) (holding that the Eleventh Amendment bars suit against a state by its own citizens); Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Homes Assn., 450 U.S. 147 (1982) (holding an agency of the state is part of the state for purposes of the Eleventh Amendment); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945) (same). Moreover, to contest the jurisdiction of the state court over Dowty or the amount of child support, Dowty should have filed a motion to dismiss for lack of jurisdiction in the state court proceeding, appealed to the Supreme Court of South Dakota if he lost on his challenge to state jurisdiction, and then petitioned for a writ of certiorari to the Supreme Court of the United States if he were to have lost before the Supreme Court of South Dakota. Dowty cannot collaterally attack jurisdiction in a state court matter, apparently years after the fact, by filing this federal court case now. Congress has given full faith and credit to state child support orders under 28 U.S.C. § 1738B. Congress has not established federal court jurisdiction to collaterally attack state child support orders

3

years after the fact for being based on an absence of jurisdiction.

Dowty's claims against any state court judge likewise fail. South Dakota circuit courts are courts of general jurisdiction. Article V, § 5 of the South Dakota Constitution provides, in part:

> The circuit courts have original jurisdiction in all cases except as to any limited original jurisdiction granted to other courts by the Legislature. The circuit courts and judges thereof have the power to issue, hear and determine all original and remedial writs. The circuit courts have such appellate jurisdiction as may be provided by law.

Thus, state court judges had subject matter jurisdiction over child support cases.

The doctrine of judicial immunity is well-established. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction [.]" Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). "A judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." Childs v. Reynoldson, 777 F.2d 1305, 1306 (8th Cir. 1985) (internal citations omitted). Dowty's Complaint sues Judge Fuller in his capacity as a circuit court judge. The purported constitutional violations Dowty complains Const.of relate to Dowty's state child support case which Judge Fuller has subject matter jurisdiction. See S.D. Const., Art. V, § 5. Because Judge Fuller is acting within his subject matter jurisdiction, he is entitled to absolute judicial immunity. See Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994) (holding that because subject matter of state judge's action fell within the court's statutory grant of jurisdiction, the judge was entitled to judicial immunity). Dowty's claims against Judge Fuller thus fail to state a claim upon which relief may be granted and are dismissed pursuant to 28 U.S.C. § 1915.

In his motion to amend the complaint Dowty seeks to add Jeff W. Davis in his capacity as a circuit court judge. Doc. 13 at 1. Any claims against Judge Davis are barred by judicial immunity for the same reasons as claims against Judge Fuller. Dowty's claims against Judge Davis thus fail to state a claim upon which relief may be granted and are dismissed pursuant to 28 U.S.C. § 1915.

Nothing in the Indian Commerce Clause of the Constitution or the Fort Laramie Treaties gives Dowty a cause of action. The Indian Commerce Clause is a grant of authority to Congress and not a provision that deprives states of all jurisdiction over Native Americans or child support cases involving Native Americans. Dowty's claim of a lack of state jurisdiction involves the Treaties of Fort Laramie.

Dowty does not specify what treaty rights he believes Defendants violated or how, other than that the State of South Dakota exercised jurisdiction over him. Cases alleging that the 1868 Treaty of Ft. Laramie deprives states of jurisdiction typically rely upon the "bad men" clause. The "bad men" clause provided that:

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its laws . . .

Art. I, paragraph 3, 1868 Treaty of Fort Laramie, 15. Stat. 635.

The 1868 Treaty of Fort Laramie was between the Sioux Nation and the United States. Dowty apparently was a defendant in South Dakota state court proceeding that involved child support obligations. The Defendants sued by Dowty and the Defendants which Dowty wishes to add are the State of South Dakota state officials and employees. The State of South Dakota was not a party to the treaty and did not yet exist when the treaty was signed. It is true that much of the State of South Dakota once was part of the Great Sioux Reservation under the 1868 Treaty of Fort Laramie. For historical reasons, American Indians have reason to criticize federal government polices and laws that led to contraction of Indian country both before and following the 1868 Treaty of Fort Laramie. For legal reasons that control in this Court, the 1868 Treaty of Fort Laramie does not deprive state courts of jurisdiction in matters such as child support. See Rosebud Sioux Tribe v. Kneip, 430 U.S. 584, 614 (1977) (holding that Congress intended to diminish the boundaries of the Rosebud Sioux Indian Reservation and that a 1910 Act of Congress detached Mellette County from the Reservation); Major Crimes Act, 18 U.S.C. § 1153 (abrogating "bad men" clause of the Fort Laramie Treaty of 1868).

Dowty has filed a series of motions in this case. The first such motion is for a new judge, but contains a request to proceed in forma pauperis. Doc. 3. The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires 20 percent of the greater of: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal. Dowty's application represents that he has no funds whatsoever,

5

including no funds in his inmate trust account. Under Section 1915(b)(4), no prisoner shall be prohibited from bringing a civil action by reason of the prisoner having no assets and no means to make an initial partial filing fee. However, Dowty will have to pay the entire $350.00 filing fee over the course of time, regardless of whether he obtains any relief from this action.

Dowty's motion to amend complaint, Doc. 13, is granted, but for the reasons contained in this opinion, his amended complaint is subject to dismissal. Dowty's remaining motions seek to leave this Court to appeal to the Eighth Circuit, which Dowty will be able to do once this Court enters judgment. For good cause, it is hereby

ORDERED that the portion of the pleading containing Dowty's Motion to Proceed In Forma Pauperis, Doc. 3., is granted and that his motion to amend, Doc. 13, is granted. It is further

ORDERED that the institution having custody of Dowty is hereby directed that whenever the amount in Dowty's trust account exceeds $10.00, monthly payments that equal 20 percent of the funds credited to the account the preceding month be forwarded to the United States District Court Clerk, 225 South Pierre Street, Pierre, South Dakota, 57501, pursuant to 28 U.S.C. § 1915(b)(2), until Dowty has paid the $350.00 filing fee in full. It is further

ORDERED that the motions filed by Dowty as Doc. 6, 11, and 12, and the remaining requests in Doc. 3 and Doc. 13 (those other than to proceed in forma pauperis and to amend the complaint) are denied. It is further

ORDERED that Dowty's claims are dismissed under screening of 28 U.S.C. § 1915A as non-meritorious and frivolous.

Dated July 16, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE